## WEEDIN v. LEE GAN.
### No. 6334.

Circuit Court of Appeals, Ninth Circuit.
March 16, 1931.

Anthony Savage, U. S. Atty., and Hamlet P. Dodd and Jeffrey Heiman, Asst. U. S. Attys., all of Seattle, Wash. (John F. Dunton, U. S. Immigration Service, of Seattle, Wash., on the brief), for appellant.

Hugh C. Todd, of Seattle, Wash., for appellee.

Before RUDKIN, WILBUR, and SAWTELLE, Circuit Judges.

RUDKIN, Circuit Judge.

This is an appeal from an order of discharge on habeas corpus in an immigration case. The appellee sought admission to the United States as the foreign-born son of an American citizen. The citizenship of the alleged father was conceded, so that the relationship of the parties was the only question before the immigration authorities, and is the only question presented here.

The testimony of the alleged father was taken at Portland, Or., where he resides, and that of the appellee at Seattle, the port of entry. The two witnesses had not seen each other for about six years, and their testimony covered a wide range. They were interrogated as to the names of the parents of the alleged father and their burial place; the name of the home village of the mother of the appellee and her present place of abode; the names and ages of the younger brothers of the appellee; a description of the home in China, in great detail, and of the domestic animals kept there; the rooms in which the witnesses slept while in China; the occupation of the alleged father while in China; the purpose for which the building formerly occupied by the alleged father is now used; the name of the village school teacher, and the name of the village whence he came; the number of houses in the home village; the names of all the inhabitants in the village and the names and ages of their children; a description of the village wall, and the shrine without; the location of the village fish pond and the name of the caretaker; the name of the river near the village and a description of the bridge across it. In all these matters and in many other details the testimony of the two witnesses was in full accord, and a mere reading of it convinces one beyond doubt that both witnesses were entirely familiar with the village, its surroundings, its inhabitants, and the home in which they lived. From this viewpoint the discrepancies in the testimony must be considered.

The appellee testified that he was married in March, 1929, while the alleged father testified that the marriage took place a year later. But the alleged father was not present at the marriage, and such information as he had was transmitted by letter. Under such circumstances, an error of this kind would not be considered unusual. The alleged father testified that he owned two mows of rice land outside the village, which he inherited from his

father, but the appellee had no knowledge of this. The record does not disclose where the land was situated, or its quantity, beyond the use of the word mow. Funk & Wagnalls Dictionary defines a "mao" of land as .15 of an acre; so that the two mows, or maos, would about equal a couple of ordinary city lots. The witnesses differed as to the number of rows of houses in the village, but, inasmuch as the village only contained about a dozen houses in all, the discrepancy is not deemed material or fatal. The same may be said of the discrepancies relating to a brother of the mother; whether a certain door faced north or south; the location of the village well; the name of the market patronized by the family; the existence or nonexistence of a certain named village across the river; the age of a son of one of the neighbors; and the number of children in the family of another. While some of these errors may not be readily accounted for, yet, when the record is considered as a whole, it clearly appears that the discrepancies are the result of honest mistake, and nothing more. The general question of discrepancies in testimony in immigration cases has so often been considered by this court that a reference to the decided cases is hardly worth the while. See, however, Go Lun v. Nagle (C. C. A.) 22 F.(2d) 246; Nagle v. Wong Ngook Hong (C. C. A.) 27 F.(2d) 650; Wong Tsick Wye v. Nagle (C. C. A.) 33 F.(2d) 226; Gung You v. Nagle (C. C. A.) 34 F.(2d) 848; Hom Chung v. Nagle (C. C. A.) 41 F.(2d) 126; Chung Pig Tin v. Nagle (C. C. A.) 45 F.(2d) 484; Fong Look v. Nagle (C. C. A.) 45 F.(2d) 956.

The order is affirmed.